Dear Mr. Bouquet:
On behalf of the Town of Iowa (the "Town"), you requested the opinion of this office concerning legal fees incurred by the Mayor in response to an anonymous complaint filed with the Ethics Commission (the "Commission"). The Mayor retained counsel to represent her in an investigation of possible "unlawful/unethical conduct". A hearing was held before the Commission determined that no violation occurred and dismissed the charges.
No statute clearly provides for reimbursement of attorneys' fees in a civil case involving an officer of a local political subdivision. However, this office has found if the public official is exonerated in a civil action arising out of his duties of office, the public body may reimburse its official for reasonable attorneys' fees and expenses resulting from the defense against such allegations. The requirement for exoneration is to avoid violation of the prohibition of the Constitution relative to the donations of public funds. Op.Atty.Gen. 99-356; 99-356A; 85-822; 00-126; 01-94; 02-27.
As to the reasonableness of the hourly rate charged by legal counsel, we are guided by the Attorney General's hourly fee schedule, a copy of which is enclosed, which indicates that a fee of $100 per hour, as charged by the Mayor's counsel, is reasonable. Concerning the number of hours spent by and the costs incurred by counsel, it is not appropriate for this office to determine the reasonableness of same.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
enclosure
DATE RELEASED: August 7, 2003